# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BOBBIE LEE MILLER, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, Agent of Carolyn W. Colvin, <br><br> Defendant. | No. 13-CV-4045-DEO <br><br> ORDER |

This matter is before the Court on Defendant's "Motion To Reverse And Remand And For Entry of Final Judgment" and supporting brief (Docket Nos. 10, 10-1).

The history of the case is set out in Defendant's brief (Docket No. 10-1) stating:

> On September 28, 2010, plaintiff protectively filed an application for supplemental security income under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 et seq. (Tr. 58, 119-27). Plaintiff's claims were denied initially (Tr. 58, 61-66) and on reconsideration (Tr. 60, 68-71). On May 28, 2012, following a hearing, the administrative law judge ("ALJ") concluded that plaintiff was not disabled within the meaning of the Act (Tr. 10-24). On April 24, 2013, the Appeals Council denied plaintiff's request for review (Tr. 1-5), making the ALJ's decision the final decision of the Commissioner.

Docket No. 10-1, p. 1.

The Plaintiff filed his Complaint in this case on May 20, 2013 (Docket No. 3), and Defendants filed an Answer and Social Security Transcript on July 19, 2013 (Docket Nos. 6 and 7). A briefing schedule was filed on July 22, 2013 (Docket No. 8), and the Plaintiff filed his brief on August 8, 2013 (Docket No. 9) requesting a remand, stating in part:

> Defendant failed miserably to provide Plaintiff with a full and fair hearing of his claim for disability benefits, from the initial denial up to the hearing level, and even more so at the hearing level since Plaintiff obtained a representative who requested consultative evaluations that might have averted the continued failure. The ALJ failed to grant that request, failed to deny that request, and was forced by that failure to come up with a decision in a case with no competent medical evidence regarding the actual severe impairments, causing him to simply speculate as to what Plaintiff's RFC might be. The Defendant must be reversed, and on remand the Defendant should be expressly instructed to obtain necessary neurological exams and testing, and IQ testing, to confirm or disprove the impairments alleged, of low intellectual functioning, Schilder's disease, and Tourette's syndrome.

Docket No. 9, p. 22.

Thereafter, on September 30, 2013, Defendant filed the instant "Motion To Reverse And Remand And For Entry Of Final

2

Judgment" and supporting brief (Docket Nos. 10 and 10-1), where the Defendant states:

> Defendant, by the undersigned counsel, moves the Court to reverse the decision of the administrative law judge and remand this action to defendant pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. §405(g), for the reasons set forth in the accompanying memorandum. Plaintiff's counsel agrees that remand is appropriate in this case.

Docket No. 10.

Defendant's brief goes on to state:

> Upon receipt of the Court's remand order, the Appeals Council will vacate the ALJ's decision and remand this case to the ALJ. The ALJ will be directed to: (1) allow plaintiff the opportunity to submit additional medical evidence; (2) schedule a neurological consultive examination regarding plaintiff's history of Schilder's disease; (3) schedule a psychiatric/psychological consultative examination of plaintiff and obtain a mental residual functional capacity assessment; (4) give further consideration to and provide a rational explanation for the weight accorded to all medical source opinions; (5) give further consideration to plaintiff's maximum residual functional capacity; (6) obtain vocational expert testimony to clarify the impact of plaintiff's impairments on his occupational base. . . .

> For the foregoing reasons, and pursuant to the United States Supreme Court's decision in <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993), defendant respectfully requests that the Court enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner under sentence four of Section 205(g) of the Act. Pursuant to the Eighth Circuit Court of Appeals case of <u>Brown v. Barnhart</u>, 282 F.3d 580 (8th Cir. 2002), defendant also requests that this Court specifically include in its order that it is "reversing and remanding" the case.

Docket No. 10-1, p. 2-3.

Because both parties are in agreement with reversing and remanding the ALJ's decision, Defendant's motion (Docket No. 10) is **granted**.

Pursuant to the Supreme Court's decision in <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993), final judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing and remanding this case to the Commissioner under sentence four of Section 205(g) of the Act, 42 U.S.C. § 405(g).

As set out in Defendants brief, upon remand, the ALJ will be directed to: (1) allow plaintiff the opportunity to submit additional medical evidence; (2) schedule a neurological

consultive examination regarding plaintiff's history of Schilder's disease; (3) schedule a psychiatric/psychological consultative examination of plaintiff and obtain a mental residual functional capacity assessment; (4) give further consideration to and provide a rational explanation for the weight accorded to all medical source opinions; (5) give further consideration to plaintiff's maximum residual functional capacity; (6) obtain vocational expert testimony to clarify the impact of plaintiff's impairments on his occupational base.

**IT IS SO ORDERED** this 31st day of October, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa